**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF**
**PENNSYLVANIA**

| | |
|---|---|
| Raymond Soto, individually and on behalf of all others similarly situated, | |
| Plaintiff, | **Civil Action No.** |
| v. | **CLASS ACTION COMPLAINT** |
| Johnson Health Tech North America Inc., | **JURY TRIAL DEMANDED** |
| Defendant. | |

Plaintiff, Raymond Soto ("Plaintiff"), individually and on behalf of all others similarly situated, respectfully submits the following Class Action Complaint against Defendant Johnson Health Tech North America Inc., ("JHTNA" or "Defendant"). Plaintiff makes the following allegations, except as to allegations specifically pertaining to Plaintiff, upon information and belief based on, among other things, the investigation of counsel and review of public documents.

## PRELIMINARY STATEMENT

1.      Training equipment manufacturers must follow certain basic rules and procedures. When such a manufacturer sells a training cycle, it has a duty to ensure that the cycle functions properly and safely for its advertised use and is free from defects. Upon discovering a defect, a cycle manufacturer must explicitly disclose the defect and either correct the defect or cease selling the cycle. When a cycle manufacturer provides a warranty, it must stand by that warranty. This case arises from Defendant's breach of its duties and rules.

2.      Plaintiff brings this action on behalf of himself, and all similarly situated persons who purchased any of the following training cycles, which are defective ("Class Cycles")[1]:

      a)  Matrix CXP-03,

      b)  Matrix CXC-02,

      c)  Matrix CXM-02

      d)  Matrix CXM-03, and

      e)  Matrix CXV

3.      Plaintiff brings this action to remedy various violations of law in connection with Defendant's manufacturing, marketing, advertising, selling, warranting, and servicing of the Class Cycles.

4.      Specifically, the Class Cycles' adjustable seat can unexpectedly lower while in use, posing a fall hazard to the rider ("Seat Defect").

5.      On January 30, 2025, Defendant recalled the Class Cycles. In total, this Recall included over 12,885 cycles produced by Defendant.[2]

6.      The allegations herein are based on personal knowledge as to Plaintiff's own experience and are made as to other matters based on an investigation by counsel, including counsel's analysis of publicly available information.

## JURISDICTION AND VENUE

7.      This Court has subject matter jurisdiction over this action under the Class Action Fairness Act, the relevant portion of which is codified at 28 U.S.C. §1332(d). The aggregated claims of the individual Class Members exceed the sum or value of $5,000,000, exclusive of interests and costs, and this is a class action in which more than two-thirds of the Proposed Plaintiff Class, on the one hand, and Defendant, on the other, are citizens of different states.

---

[1] https://www.cpsc.gov/Recalls/2025/Johnson-Health-Tech-North-America-Recalls-Matrix-Brand-Training-Cycles-Due-to-Fall-Hazard#:~:text=Recall%20Details&text=This%20recall%20involves%20certain%20Matrix,and%20a%20magnetic%20resistance%20system.
[2] *Id.*

8.    This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

9.    Defendant sells its products internationally, throughout the United States and within this judicial district.    This Court has personal jurisdiction over Defendant because Defendant has purposefully availed itself to this District's jurisdiction and authority, given Defendant's registration in Pennsylvania and minimum contacts within this District through Defendant's extensive marketing, advertising, and sale of the Product throughout this District. See *Mallory v. Norfolk Southern Railway Co.*, 143 S.Ct. 2028, 600 U.S. 122, 216 L.Ed. 815 (2023).

10.    Venue is proper in this District under 28 U.S.C. §1391 because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District. The Defendant sells and distributes its cycles throughout the United States and within this District.

## PARTIES

11.    Raymond Soto is a citizen of the State of Illinois and resides in Chicago, Cook County, Illinois.

12.    Defendant JHTNA is a corporation organized and in existence under the laws of the State of Wisconsin. Defendant's corporate headquarters are located at: 1600 Landmark Dr, Cottage Grove, WI 53527.  Defendant is also registered to do business in the State of Pennsylvania.

13.    Defendant designs, manufactures, markets, distributes, services, repairs, and sells training cycles, including the Class Cycles, nationwide . Defendant is the warrantor and distributor of the Class Cycles in the United States.

14.    Through various entities, Defendant markets, distributes, warrants, and sells training equipment, including the Class Cycles, in multiple locations across the United States, including Pennsylvania and Illinois.

## FACTUAL ALLEGATIONS

15.    In 2023, Plaintiff purchased his CXP-03 model Matrix Cycle in Chicago, Illinois.

16.    Plaintiff's CXP-03 is a Cycle included within Defendant's Recall.[3]

17.    Based on Defendant's active and persistent promotions touting the quality of its Cycles and on Plaintiff's admiration of such Cycles, Plaintiff considered JHTNA a quality company with a strong reputation for producing reliable training cycles.

18.    In addition to JHTNA's reputation (gained through marketing and promotion), Plaintiff decided on the CXP-03 model because he believed it was a high-quality cycle and that the cycle was highly reliable, that the cycle came with great technological features, and fitted Plaintiff's needs.

19.    Since 2021, Defendant has designed, manufactured, distributed, and sold the Class Cycles. Defendant has produced and sold, directly or indirectly, through dealers and other retail outlets, over 12,000 recalled cycles, including the Class Cycles nationwide.[4]

20.    As mentioned earlier and discussed in more detail below, the Class Cycles contain a design defect that causes a serious safety concern. That is, the seat—specifically, the components that make its height and positioning adjustable—is defectively designed.

21.    Due to the design defect, the Class Cycles' seat may unexpectedly drop or lower causing the rider risk of falling or other injury.

22.    To date, the CPSC has received 63 reports of seats unexpectedly lowering, including two reports that users fell off the cycle when the seat lowered.[5]

23.    Defendant, directly or indirectly, has sold thousands of Class Cycles with this Seat Defect nationwide.[6]

24.    Defendant's Recall, which includes a free fix-and-repair clause requiring Defendant to repair and replace the faulty parts, does not offer any reasonably foreseeable guarantee that the Seat Defect will go away permanently. Rather, the Recall mentions installing a repair kit, but mentions no testing or assurances that such repair kit will solve the issue fully.[7]

---

[3] *Id.*
[4] *Id.*
[5] *Id.*
[6] *Id.*
[7] *Id.*

25.    Assuming that the Recall was effective and offered a true fix, which it does not, Plaintiff is still burdened with a cycle that has been devalued by Defendant's actions, because the value of a cycle with a known history of a seat defect is worth much less than a cycle with a safe seat.

26.    In all, Defendant's Recall amounts to time and dollars needlessly taken from Plaintiff and other Class Cycle owners.

## CLASS ACTION ALLEGATIONS

27.    Plaintiff brings this action on behalf of himself and as a class action, pursuant to Fed. R. Civ. P. 23(a), 23(b)(2), and/or 23(b)(3). Specifically, the class and subclass are defined as follows:

a) **Nationwide Class:** All persons in the United States who purchased a recalled Matrix Brand Training Cycle.

b) **Pennsylvania Subclass:** All persons from Pennsylvania who purchased a recalled Matrix Brand Training Cycle.

28.    Together, the Nationwide Class and Pennsylvania Subclass will be collectively referred to as the "Class" or "Classes." Members of these Classes will be referred to as "Class Members".

29.    Plaintiff qualifies as a member of each of the proposed classes in the preceding paragraphs.

30.    Excluded from each of the putative classes are any person who is (i) an employee or independent contractor of Defendant; (ii) a relative of an employee or independent contractor of Defendant; (iii) an employee of the Court where this action is pending.

31.    The proposed class definitions in ¶ 26 as limited by ¶ 29 may be amended or modified.

32.    The particular members of (i) the Nationwide Class and (ii) the Pennsylvania Subclass are capable of being described without difficult managerial or administrative problems.

The members of the putative classes are also readily identifiable from the information and records in the possession or control of Defendant or its affiliates and agents, and from public records.

33.     Certification of Plaintiff's claims for class-wide treatment is appropriate because Plaintiff can prove the elements of his claims on a class-wide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claims.

34.     The Proposed Classes are so numerous that the joinder of all members is impracticable.

35.     This action has been brought and may be properly maintained on behalf of the Classes proposed herein under Federal Rule of Civil Procedure 23.

36.     **Numerosity: Fed. R. Civ. P. 23(a)(1)** Upon information and belief, the Class is so numerous that the joinder of all members is impracticable. While the exact number and identities of individual members of the Class are unknown at this time, such information is in the sole possession of Defendant and obtainable by Plaintiff only through the discovery process. Members of the Class may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. Mail, Electronic Mail, internet postings, social media, and/or published notice.

37.     **Typicality: Fed. R. Civ. P. 23(a)(3)** Plaintiff's claims are typical of the claims of the Class because Plaintiff purchased a Class Cycle that contained the same Seat Defect found in all other Class Cycles.

38.     **Adequacy: Fed. R. Civ. P. 23(a)(4)** Plaintiff is an adequate class representative because his interests do not conflict with the interests of the Class that he seeks to represent. Plaintiff has retained counsel competent and highly experienced in complex and class-action litigation, and he intends to prosecute this action vigorously. Plaintiff and his counsel will fairly and adequately protect the interests of the Class.

39.     **Predominance and Superiority: Fed. R. Civ. P. 23(b)(3)** A class action is superior to all other available means for the fair and efficient adjudication of the claims of Plaintiff and Class Members, and questions of law and fact common to all Class Members predominate

over questions affecting only individual Class Members. Class Members can be readily identified and notified based on, inter alia, Defendant's business records or other sources.

40.    **Common Questions of Fact and Law: Fed. R. Civ. P. 23(b)(4)** Common Questions of law and fact exist as to all members of the Class. These questions predominate over the questions affecting individual Class Members. These common legal and factual questions include, but are not limited to:

   a. Whether Class Cycles contain the alleged Seat Defect;

   b. Whether the Seat Defect would be considered material by a reasonable consumer;

   c. Whether the Seat Defect would constitute an unreasonable safety risk;

   d. Whether Defendant had a duty to disclose the Seat Defect to Plaintiff and other Class Members;

   e. Whether Defendant knew or reasonably should have known of the Seat Defect before it sold Class Cycles to Plaintiff and Class Members;

   f. Whether the Seat Defect has diminished the value of the Class Cycles;

   g. Whether the Seat Defect is capable of being repaired;

   h. Whether Defendant should be declared financially responsible for notifying all Class Members of the problems with the Class Cycles and for the costs and expenses of repairing, replacing, or otherwise remedying the Seat Defect;

   i. Whether Defendant is obligated to inform Class Members of their right to seek reimbursement for having paid to diagnose, repair, or replace their defective seats;

   j. Whether Defendant breached the implied warranty of merchantability pursuant to state law and/or the UCC;

   k. Whether Defendant breached its express warranties under state law and/or the UCC;

   l. Whether Defendant is liable for fraudulent omission;

   m. Whether Defendant was unjustly enriched;

n.  Whether Plaintiff and the other Class Members are entitled to damages and other monetary relief.

## CAUSES OF ACTION

### COUNT I
### BREACH OF EXPRESS WARRANTY

41.  Plaintiff incorporates paragraphs 1-40 as if fully set forth herein.

42.  Plaintiff brings this count on behalf of himself and the Classes.

43.  Plaintiff and other Class Members formed a contract with Defendant at the time they purchased their Class Cycles. The terms of the contract include the promises and affirmations of fact and express warranties made by Defendant.

44.  The terms of the contract include the promises and affirmations of fact made by Defendant on the Class Cycles' packaging and through marketing and advertising, as described above.

45.  This labeling, marketing, and advertising constitute express warranties, and they became part of the basis of the bargain and are part of the standardized contract between Plaintiff and the members of the Classes and Defendant.

46.  As set forth above, Defendant purports, through its advertising, labeling, marketing, and packaging, to create an express warranty that the Class Cycles are safe for their intended use.

47.  Plaintiff and the members of the Classes performed all conditions precedent to Defendant's liability under this contract when they purchased the Class Cycles.

48.  Defendant breached express warranties about the Class Cycles and their qualities because the Class Cycles contained defects rendering them unsafe for their intended use; thus the Class Cycles do not conform to Defendant's affirmations and promises described above.

49.  Plaintiff and each of the members of the Classes would not have purchased the Class Cycles had they known the true nature of the Seat Defect.

50.     Due to Defendant's breach of warranty, Plaintiff and Class Members suffered and continue to suffer financial damage and injury, and are entitled to all damages, in addition to costs, interest, and fees, including attorneys' fees, as allowed by law.

51.     Plaintiff suffered injury through Defendant's conduct because he suffered economic loss and purchased a training cycle that is now worthless and unsafe.

52.     Plaintiff also suffered economic loss because, due to Defendant's Recall, Plaintiff's training cycle's resale value is diminished. When Plaintiff intends to sell or trade in his training cycle, the cycle's reputation will harm the resale value and place Plaintiff in a much worse bargaining position than if Defendant had properly manufactured, designed, produced, distributed, and advertised Class Cycles.

## <u>COUNT II</u>
## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

53.     Plaintiff incorporates Paragraphs 1-40 as if fully set forth herein.

54.     Plaintiff brings this count on behalf of himself and the Classes.

55.     Defendant is a merchant and was at all relevant times involved in the distributing, warranting, and/or selling of the Class Cycles.

56.     The Class Cycles are "goods" under the relevant laws, and Defendant knew or had reason to know of the specific use for which the Class Cycles, as goods, were purchased.

57.     Defendant entered into agreements with consumers to sell the Class Cycles to be used by Plaintiff and Class Members for personal use.

58.     The implied warranty of merchantability included with the sale of each Class Cycle means that Defendant guaranteed that the Class Cycles would be fit for the ordinary purposes for which Cycles are used and sold and would not be otherwise injurious to consumers. The implied warranty of merchantability is a critical part of the basis for the benefit of the bargain between Defendant, Plaintiff, and the Class Members.

59.     Defendant breached the implied warranty of merchantability because the Class Cycles are not fit for their ordinary purpose of providing reasonably reliable and safe exercise. After all, Defendant did not indicate that the Class Cycles would contain the Seat Defect.

60.     Given that Plaintiff and Class Members are unable to safely use the Class Cycles without risk of falling or injury, the Class Cycles are not fit for their particular purpose of safe training and exercise.

61.     Defendant's warranty expressly applies to the purchaser of the Class Cycles, creating privity between Defendant and Plaintiff and Class Members.

62.     Privity is not required because Plaintiff and Class Members are the intended beneficiaries of Defendant's warranties and sales. Defendant's warranties were designed for and intended to benefit the consumer only, including Plaintiff and Class Members.

63.     Defendant was provided sufficient notice of its breaches of implied warranties associated with the Class Cycles. Defendant was put on actual notice of its breach through the contract between Plaintiff and Class Members and Defendant, and through its review of consumer complaints as well. Defendant's own Recall demonstrates actual notice.

64.     Had Plaintiff, Class Members, and the consuming public known that the Class Cycles would not be provided with proper seating— that is, had they known of the Seat Defect — they would not have purchased the Class Cycles, or they would have paid less for the Cycles.

65.     As a direct and proximate result of the foregoing, Plaintiff and the Classes suffered and continue to suffer financial damage and injury, and are entitled to all damages, in addition to costs, interest, and fees, including attorneys' fees, as allowed by law.

66.     Plaintiff suffered injury in that he purchased a worthless Cycle. For all intents and purposes, Plaintiff's Cycle is now a notoriously unsafe Cycle with a seat that can lower or drop at any moment.

67.     Plaintiff also suffered economic loss because, due to Defendant's Recall, the resale value of the Plaintiff's Cycle is now diminished. When Plaintiff intends to sell his Cycle, the Cycle's reputation will harm the resale value and place Plaintiff in a much worse bargaining

position than if Defendant had properly manufactured, designed, produced, distributed, and advertised Class Cycles.

68.      Plaintiff has suffered damages in that Plaintiff has been inconvenienced by Defendant's Recall and accompanying required repairs. Had Defendant produced a Cycle that was safe and reliable, Plaintiff would not have had to spend hours of his life tending to this Recall. Plaintiff did not bargain for, or pay for, a Cycle that poses a fall or injury risk due to its Seat Defect.

## COUNT III
## VIOLATION OF THE MAGNUSON-MOSS WARRANTY ACT
### (15 U.S.C. § 2301 *ET SEQ.*)

69.      Plaintiff incorporates paragraphs 1-40 as if fully set forth herein.

70.      Plaintiff brings this Count individually and on behalf of the Classes.

71.      Plaintiff is a "consumer" within the meaning of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 ET SEQ ("MMWA").

72.      Defendant is a "supplier" and "warrantor" with the meaning of the MMWA.

73.      The Class Cycles are "consumer products" within the meaning of the MMWA.

74.      15 U.S.C. § 2301(d)(1) provides a cause of action for any consumer who is damaged by a warrantor's failure to comply with a written or implied warranty.

75.      Defendant's express warranties are written warranties within the meaning of the MMWA.

76.      Defendant breached its warranties by offering for sale and selling the Class Cycles, which were by design and construction defective and unsafe due to the Seat Defect.

77.      Defendant's actions subjected Plaintiff and the Classes to danger; those actions also caused monetary damages, because the Class Cycles are inherently worth less than they would have been without the Seat Defect.

78.      Additionally, Plaintiff and the Class Members suffered damages in that they have been greatly inconvenienced by this Recall and Defect, as Plaintiff and Class Members have had to collectively spend hundreds of hours and dollars repairing the Seat Defect.

79.     Defendant has breached and continues to breach its written and implied warranties of safety and reliability, thereby damaging Plaintiff and the Class, when the Cycles fail to perform due to the Seat Defect.

80.     Due to these breaches, Plaintiff and the Classes have suffered damages.

81.     Plaintiff and the Classes seek full compensatory, punitive, and consequential damages as allowed by law, and any other relief to which Plaintiff and the Classes may be entitled.

82.     Plaintiff and the Classes suffered injury through Defendant's conduct in that Plaintiff and the Classes are now owners of Cycles that are worth significantly less, given the Defect and the notoriety thereof.

83.     Plaintiff and the Classes suffered injury through Defendant's conduct in that Plaintiff and the Classes have, or will have to, spend hours upon hours of their time in repairing these Class Cycles. Defendant is willing to repair the Cycles for free; nonetheless, Plaintiff and the Classes must still spend hours in time waiting on a true solution to the Seat Defect.

<u>**COUNT IV**</u>
**NEGLIGENT DESIGN DEFECT**

84.     Plaintiff incorporates Paragraphs 1-40 as if fully set forth herein.

85.     Plaintiff brings this claim against Defendant on behalf of himself and the Class Members.

86.     Defendant owed Plaintiff and the Classes a duty to reasonably and safely design, manufacture, market, and sell the Class Cycles.

87.     Defendant breached this duty by defectively designing and manufacturing the Class Cycles, which rendered the Cycles not fit or suitable for their intended purposes.

88.     Additionally, Defendant's defective design caused monetary damages to Plaintiff and the Classes as the Class Cycles now are worth less compared to the Class Cycle's value before the Defect became known, given the notoriety of the Defect.

89.     Defendant did not exercise due care in the production of the Class Cycles. Defendant's design malfunctions horribly, while many cycle seats, in all sorts of similar existing Cycles, do not have this Seat Defect.

90.     Plaintiff suffered injury through Defendant's conduct because he suffered economic loss when he purchased a Cycle that is now worthless and unsafe.

91.     Plaintiff also suffered economic loss because, due to Defendant's Recall, Plaintiff's Cycle's resale value is now diminished. When Plaintiff intends to sell or trade in his Cycle, the Cycle's reputation will harm the resale value and place Plaintiff in a much worse bargaining position than if Defendant had properly manufactured, designed, produced, distributed, and advertised Class Cycles.

92.     Plaintiff also suffered damages in that Plaintiff has spent hours, and will spend hours more, tending to Defendant's Recall. Plaintiff has been greatly inconvenienced by Defendant's Recall.

93.     The design of the Class Cycles' defect is unacceptable because other Cycles produced by other companies and manufacturers work properly and do not have this same defect.

94.     Plaintiff's Class Cycle is in virtually the same condition as it was in when it left Defendant's factory.

95.     Further evidence of the Class Cycles' poor quality, as mentioned earlier, is the lifespan of the defective parts, when compared to industry norms for the lifespan of similar parts.

## <u>COUNT V</u>
## FRAUD BY OMISSION OR FRAUDULENT CONCEALMENT

96.     Plaintiff incorporates Paragraphs 1-40 as if fully set forth herein.

97.     Plaintiff brings this count on behalf of himself and the Classes.

98.     Defendant knew that the Class Cycles suffered from inherently defective seats that were defectively designed and/or manufactured and were not suitable for their intended use. Defendant designed, engineered, and produced the Class Cycles; therefore, it created its own Seat Defect and knew of that Defect.

99.     Defendant concealed from and failed to disclose to Plaintiff and Class Members the defective nature of the Class Cycles.

100.    The fact that Defendant's Class Cycles contained the Seat Defect is a material fact, because a stable seat is one of the most critical aspects of a Cycle's safety.

101.    The seats of the Class Cycles are faulty and cause the user to suddenly drop.

102.    Defendant knew of the falsity of the safety of the Seat Defect and/or recklessly disregarded the truth or falsity of the dangerous nature of the Seat Defect.

103.    Defendant intended for Plaintiff to act upon such falsity as part of Defendant's commercial operations to sell Cycles.

104.    Plaintiff and Class Members would not have purchased the Class Cycles had they known of the Seat Defect. Plaintiff and the Class did not know of such Seat Defect; in purchasing Class Cycles, they relied upon Defendant's false presentation of safety.

105.    Plaintiff did not know of and could not have discovered the Seat Defect unless Plaintiff were to disassemble the Class Cycle and inspect the components throughout the Class Cycles. This possibility exists outside of reality, because—even if such a possibility would occur to an ordinary consumer—it is highly improbable that any Class Cycle dealer would allow for such intensive inspection.

106.    Defendant was under a duty to Plaintiff and Class Members to disclose the defective nature of the Class Cycles because:

    a.  Defendant was in a superior position to know the true state of facts about the Seat Defect contained in the Class Cycles;

    b.  The omitted facts were material because they directly impact the safety of the Class Cycles;

    c.  Defendant knew the omitted facts regarding the defect were not known to or reasonably discoverable by Plaintiff and Class Members;

    d.  Defendant actively concealed the defective nature of the Class Cycles from Plaintiff and Class Members.

107.    The facts concealed or not disclosed by Defendant to Plaintiff and the other Class Members are material. A reasonable person would have considered those facts to be important in deciding whether to purchase Defendant's Class Cycles or pay a lesser price for them. Specifically, whether a Cycle becomes inoperable when the seats fail is a material safety concern.

108.    Had Plaintiff and Class Members known about the defective nature of the Class Cycles, they would not have purchased the Class Cycles, or would have paid less for them.

109.    Defendant concealed, or failed to disclose, the true nature of the design and/or manufacturing defects contained in the Class Cycles, in order to induce Plaintiff and Class Members to act thereon. Plaintiff and the other Class Members justifiably relied on Defendant's omissions to their detriment. This detriment is evident from Plaintiff's and Class Members' purchase of Defendant's defective Class Cycles.

110.    As a direct and proximate result of Defendant's misconduct, Plaintiff and Class Members have suffered and will continue to suffer actual damages. Plaintiffs and the Classes reserve their right to elect either to (a) rescind their purchase of the Class Cycles and obtain restitution or (b) affirm their purchase of the Class Cycles and recover damages.

111.    Defendant's acts were done maliciously, oppressively, deliberately, with intent to defraud, and in reckless disregard of Plaintiff's and the Class's rights and well-being to enrich Defendant. Defendant's conduct warrants an assessment of punitive damages in an amount sufficient to deter such conduct in the future, which amount is to be determined according to proof.

112.    Plaintiff suffered injury through Defendant's conduct in that he suffered economic loss and purchased a worthless, unsafe Class Cycle.

113.    Plaintiff also suffered economic loss because, due to Defendant's Recall, Plaintiff's Cycle's resale value is now diminished. When Plaintiff intends to sell his Class Cycle, the Cycle's reputation will harm the resale value and place Plaintiff in a much worse bargaining position than if Defendant had properly manufactured, designed, produced, distributed, and advertised Class Cycles.

114.    Plaintiff also suffered damages in that Plaintiff has spent hours, and will spend hours more, tending to Defendant's Recall. Plaintiff has been greatly inconvenienced by Defendant's Recall.

## COUNT VI
## UNJUST ENRICHMENT

115.    Plaintiff incorporates paragraphs 1-40 as if fully set forth herein.

116.    Plaintiff brings this count on behalf of himself and the Classes.

117.    Plaintiff, and the other members of the Classes, conferred benefits on Defendant in the form of monies paid to purchase Defendant's worthless Class Cycles.

118.    Defendant voluntarily accepted and retained this benefit. Defendant has knowledge and appreciation of this benefit, which was conferred upon it by and at the expense of Plaintiff and the Class Members.

119.    Because this benefit was obtained unlawfully—namely, by selling and accepting compensation for the Class Cycles without providing working seats in the Class Cycles — it would be unjust and inequitable for Defendant to retain the benefit without paying the value thereof.

120.    The circumstances, as described further herein, are such that it would be inequitable for Defendant to retain the ill-gotten benefit without paying the value thereof to Plaintiff and the Class Members.

121.    Defendant manufactured, marketed, and sold the Class Cycles under the guise of these Cycles being safe and operable. Instead, Defendant sold Cycles with defective seats that present serious safety risks. And rather than refunding or reimbursing Plaintiff and Class Members the difference in resale value, Defendant has offered to simply replace the Class Cycles' defective set components with other likely defective components without fixing the root cause of the Defect.

122.    Because it would be unjust and inequitable for Defendant to retain the non-gratuitous benefits conferred on it by Plaintiff and members of the Classes, Defendant must pay restitution to Plaintiff and members of the Classes for its unjust enrichment, as ordered by the Court.

## COUNT VII
## NEGLIGENCE

123.    Plaintiff incorporates paragraphs 1-40 as if fully set forth herein.

124.    Plaintiff brings this count on behalf of himself and the Classes.

125.    Defendant caused Class Cycles to be sold, distributed, marketed, promoted, and/or used by Plaintiff and the Proposed Classes.

126.    At all times relevant to this litigation, Defendant had a duty to exercise reasonable care in the design, research, marketing, advertisement, supply, promotion, packaging, sale, and distribution of Class Cycles, including the duty to take all reasonable steps necessary to provide effective seats in the Class Cycles.

127.    Defendant breached this duty by producing Class Cycles with the Seat Defect. Defendant has produced other Cycles without this Seat Defect; that in itself is evidence that Defendant did not exercise proper care in producing the Class Cycles. As further evidence of Defendant's lack of care, many other manufacturers produce Cycles with effective seat adjustment capabilities.

128.    Accordingly, at all times relevant to this litigation, Defendant knew or, in the exercise of reasonable care, should have known that not providing effective seats could cause or be associated with Plaintiff's and Class Members' injuries.

129.    Defendant's alleged negligence included:

a.    Selling and/or distributing the Class Cycles while negligently and/or intentionally not providing effective and safe seating; and

b.    Systematically failing to provide consumers with effective seating components in multiple states.

130.    As a direct and proximate result of Defendant's negligence, Plaintiff and the Classes have suffered and will continue to suffer actual monetary damages.

131.    But for Defendant's negligent design, production, and marketing of Class Cycles, Plaintiff and the Class would not be injured as they would not have purchased the worthless Class Cycles.

132.    Plaintiff's and Class Members' injuries were foreseeable, because at the time of purchase of Defendant's Product, Defendant had received complaints from Plaintiff and Class Members regarding failure to provide safely and effectively assembled Cycle parts.

133.    Further, it is foreseeable that a Cycle with defective seats would be worthless as it would be a dangerous Cycle to use. It is also reasonably foreseeable that Defendant's Recall would harm the resale value of the Class Cycles, given that a Cycle with defective seats would be worth less to a consumer than a Cycle with a working seat.

134.    Due to Defendant's breach, Plaintiff and the Class were harmed in that they are now driving Cycles with faulty seats or Cycles whose seats may unexpectedly drop at any time, given Defendant's confounding lack of due care in its design and product.

135.    Plaintiff and the Class Members seek actual damages, attorney's fees, costs, and any other just and proper relief available.

136.    Plaintiff suffered injury through Defendant's conduct because he suffered economic loss by purchasing a Cycle that is now worthless and unsafe.

137.    Plaintiff also suffered economic loss because, due to Defendant's Recall, Plaintiff's Cycle's resale value is now diminished. When Plaintiff and the Class intend to sell their respective Class Cycles, the Cycles' poor reputation would harm the resale value, compared to if Defendant had properly manufactured, designed, produced, distributed, and advertised Class Cycles.

138.    Plaintiff also suffered damages because he has spent hours, and will spend hours more, tending to Defendant's Recall.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff, on behalf of himself and members of the Classes, requests that the Court enter judgment in their favor and against Defendant, awarding as follows:

A. Certifying the Class as proposed herein, designating Plaintiff as Class representative, and appointing undersigned counsel as Class Counsel;

B. Declaring that Defendant is financially responsible for notifying the Proposed Classes Members of the pendency of this action;

C. Awarding all actual, general, special, incidental, statutory, and consequential damages to which Plaintiff and Class Members are entitled;

D. Scheduling a trial by jury in this action;

E. Awarding pre and post-judgment interest on any amounts awarded, as permitted by law;

F. Awarding costs including reasonable attorneys' fees, court costs, and other litigation expenses; and,

G. Any other relief the Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff, individually and on behalf of all those similarly situated, hereby requests a jury trial, pursuant to Federal Rule of Civil Procedure 38, on any and all claims so triable.

Dated: March 6, 2025

Respectfully Submitted,

By: /s/ Stuart A. Carpey
CARPEY LAW, P.C.
Stuart A. Carpey
600 W. Germantown Pike, Suite 400
Plymouth Meeting, PA 19462
Tel: 610-834-6030
Fax: 610-825-7579
scarpey@carpeylaw.com
Attorneys for Plaintiff and Putative Class